[No. 1628.]

## THOMAS RICKARD, RESPONDENT, *v.* EDWARD GEACH, APPELLANT.

LIMITATIONS—OPEN MUTUAL CURRENT ACCOUNT—PAYMENT BY THIRD PERSON —ELIMINATION OF ITEMS—EVIDENCE. 1. An open, mutual and current account sued on would have been barred by limitations but for the last two items—one for 70 cents, and the other for $17.60. The 70 cents item had been charged to defendant on his own credit, and the $17 upon the guaranty of a third person. Thereafter the creditor presented to such guarantor a bill for both items, and the guarantor, without knowing that the 70 cents item was included in such bill, paid the whole bill. The guarantor knew nothing about the account sued on, and defendant never ratified the payment of the 70 cents, and the creditor testified that he included the 70 cents item in the bill presented to the guarantor merely for convenience in bookkeeping, and because he thought such party could collect it, and that he would have stricken it out if it had been objected to. Defendant was credited on the account with a cash payment of $18.30, and the guarantor received a receipt for the same amount: *Held*, that the payment and receipt did not so completely eliminate the 70 cents item from the account as to let in the bar of limitations.

APPEAL from the First Judicial District Court, Storey County; *C. E. Mack*, Judge.

Action by Thomas Rickard against Edward Geach. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. **Affirmed.**

The facts sufficiently appear in the opinion.

*Geo. D. Pyne*, for Appellant:

I. "An open account is one in which some item of the contract is not settled by the parties, whether the account consists of one item or of many; or where there have been running or current dealings between the parties, and the account is kept open with the expectation of further dealings." (*Burns* v. *Cronin*, 18 Or. 414.)

II.  Root gave an absolute receipt showing the application of the payment to the account of these items, and the rule of law is:  "That if the application of payment is once made by either of the parties to any account, it is conclusive and both parties are bound by it."  (*Bank of North America* v. *Meredith*, 2 Wash. (U. S.) 47; *Miller* v. *Montgomery*, 31 Ill. 350; *Coon's Appeal*, 52 Conn. 186; *Cidmon* v. *Armstrong*, 28 Me. 91; *Poulvin* v. *Collin*, 18 Mo. App. 583; *Brown* v. *Burns*, 6 Me. 535; *Dorsey* v. *Weyman*, 6 Gill. (Md.) 59; *Bank of Muskingham* v. *Carpenter*, 7 Ohio, 21; *Tooke* v. *Bonds*, 29 Tex. 419; *Muller* v. *Wilbracht*, 47 Mo. 468.)

III.  "An application by the creditor becomes irrevocable when he has exercised his right of election and communicated the fact to the debtor."  (2 Parsons on Contracts, 6th ed. 630; *Johnson* v. *Thomas*, 77 Ala. 367; *Allen* v. *Cullin*, 3 Den. N. Y. 284.)

IV.  "In the absence of specific appropriation to particular items payment will be applied to the earliest items of account." (*Hill* v. *Robbins*, 22 Mich. 475; *Connyton* v. *Patt*, 105 Mass. 255; 2 Parsons on Contracts, 6th ed. 632; *U. S.* v. *Kirkpatrick*, 9 Wheat. 720.)

V.  The statute of limitations has run against this account, and the findings are not only contrary to the evidence, but contrary to and against law.

VI.  "When there are separate and distinct transactions in an open account for which cash payment is accepted by the creditor, these items do not form part of the account to take the case out of the statute of limitations."  (*Bristol* v. *Plymouth*, 44 Mass. 222, cited in 4 Nev. 112.)   Also, see for question as to specific payment extinguishing the specific items to which said payment has been applied:  *Richardson* v. *Woodbury*, 12 Cush. 280; *Reed* v. *Boardman*, 20 Pick. 446; *Treadwell* v. *Moore*, 34 Me. 112; *Caldwell* v. *Wentworth*, 14 N. H. 431.)

*Geo. N. Noel*, for Respondent:

I.  It is argued with a great deal of stress that the payment of the sum of $18.30 by Prater on June 13, 1898, reverted back to the 14th of August, 1897, and removed the charges for the shoe stand as well as the charges for the sweep shoes,

which charge was made against Geach personally upon the sale and delivery of the shoe stand eleven months prior to any payment. Replying to this line of argument, we submit to the court that if, at any time between August 14, 1897, and June 13, 1898—the date of payment of the sum of $18.30 by said Prater—said Root had been desirous of obtaining payment of his account against said defendant, that he would not have been constrained, nor even permitted, to commence one suit for the recovery of the sum of $433.93, and another for the recovery of the sum of 70 cents, when both amounts constituted one entire running and open account between the parties as shown by plaintiff's books of account introduced as exhibits in this case. Could respondent have split his cause of action? We maintain that he could not, and that, if he did so, it would be reprehensible and demurrable pleading, and refer to the following authorities in support of this contention: *Guersney* v. *Carver*, 24 Am. Dec. 60; *Markham* v. *Middleton*, 2 Stra. 1259; *Stevens* v. *Lockwood*, 13 Id. 644, Am. Dec.; *Golvin* v. *Corvin*, 15 Id. 557, Am. Dec.; *Bendernagle* v. *Cocks*, 19 Am. Dec. 207.

II. The following authorities sustain respondent's view that the statute of limitations is inapplicable to this case: "If any items of account are within six years, they will also take with them such items as are beyond six years, so as to prevent the bar of the statute of limitations." (*Cogswell* v. *Dolliver*, 3 Am. Dec. 45.) "Held, if there be a mutual account of any sort between plaintiff and defendant for any item for which credit has been given within six years, that it is evidence of an acknowledgment of there being such an open account between the parties and of a promise to pay the balance so as to take the case out of the statute of limitations." (*Cogswell* v. *Dolliver*, 3 Am. Dec. 45, and authorities cited on page 48 in notes on same case; *James* v. *Clapp*, 116 Mass. 358; *Green* v. *Caldeleugh*, 28 Am. Dec. 567; *Waldo* v. *Jolly*, 4 Jones, 1, 174; *Caldwell* v. *Beatty*, 69 N. C. 371; Angell on Limitations, 129–130; *Warren* v. *Sweeney*, 4 Nev. 101; *Norton* v. *Lasco*, 30 Cal. 134.) "A mutual account commences to run only from the date of the last entry of credit, and the item of credit must arise from the mutual act and consent of both parties." (*Hodge* v. *Manley*, 60 Am. Dec.

253.) "The slightest acknowledgment of an indebtedness by a debtor will take the case out of the operation of the statute of limitations." (*St. John* v. *Garver*, 29 Am. Dec. 280; *Newlin* v. *Duncan*, 25 Am. Dec. 66; *Austin* v. *Bostwick*, Am. Dec. 42.)

• *Geo. D. Pyne*, for Appellant, in reply:

I.  The question is not as to whether respondent could have split his cause of action into several suits, and sued upon the 70-cent item alone, or whether he could have sued Prater upon the 70-cent item or upon the item for $17.30, but whether Root did not treat the account as two accounts against Geach, and accepted payment for one of them as shown by the receipt marked Defendant's Exhibit I, which he wanted paid.

II.  "Taking a receipt from the creditor expressing the debt upon which the payment is to apply shows what application was intended by the parties." (*Stewart* v. *Keith*, 12 Pa. St. 238; *Ordinary* v. *McCollom*, 3 Stroth. 494.)

III.  "Creditor's application may be evidenced by a receipt." (*Brown* v. *Rathbom*, 3 Ham. 275; *Otto* v. *Klauber*, 23 Wis. 471.)

IV.  "When the payment was precisely the amount of one debt and not of another, it may properly be inferred that the debtor intended it should be appropriated to the former." (*Robert* v. *Gamil*, 3 Cai. Cas. N. Y. 14; *Davis* v. *Fargo*, Clark's Chancery N. Y. 470.)

By the Court, FITZGERALD, J.:

In the court below plaintiff, Rickard, received judgment against the defendant, Geach, for the sum of $433.93. Defendant made a motion for a new trial, and the motion was denied.  Thereafter defendant appealed to this court from the said judgment and also the order denying him a new trial.  Plaintiff alleged that "a mutual, open, current, running, and continuous account" existed between one A. J. Root and the defendant, the first item of which was on the 12th day of April, 1894, and the last on the 10th day of June, 1898; that on said account a balance of $433.93 remained due and unpaid; and that said account had, for a valuable con-

sideration, been duly assigned by said Root to the plaintiff.

Defendant admits that the account between Root and himself was "open, mutual, running, and continuous," and he also admits the assignment, but he claims that the last item in said account was on the 2d day of December, 1895; and that, as the suit was not commenced until the 10th day of August, 1901, over four years had elapsed between the last item of the account and the commencement of the suit thereon, and consequently the action was barred by the statute of limitations.

Defendant's admission that the account between Root and himself was open, mutual, and current renders many of the cases cited in the briefs of counsel only remotely, if at all, applicable; for many of the said cases involved the question whether or not there had ever been a mutual, open, and current account between the parties.

In the case before us that point is admitted, and the question to be considered and determined is, when did the last item of the account take place? On the account as presented and claimed by the plaintiff were two items as follows: "August 14th, 1897, one shoe stand, $.70; June 10th, 1898, four sweep shoes, $17.60." The total of the last two items is $18.30, and on the account is a cash credit of $18.30 of the date of June 13, 1898. At the time that the item of 70 cents for the shoe stand was contracted and charged, to wit, 14th of August, 1897, there was certainly, under the admission of defendant, an open, mutual, and current account between defendant and Root, for nothing had up to that time occurred to affect the account; and the suit, having been commenced on the 10th day of August, 1901, was in time, provided that nothing subsequently occurred to change the status of things. Counsel for the defendant claims that a payment made had the effect of eliminating two items from the account, and thereby letting in the bar of the statute.

The facts of the said payment were as follows: After the 70 cents item for the shoe stand had been contracted, and the goods delivered, and the charge therefor made, the defendant wanted to get the "sweep shoes" mentioned, but Root declined to let him have them. Afterwards N. C. Prater told Root to let defendant have the "sweep shoes" and

that he (Prater) would pay for them. Root then let defendant have the "sweep shoes," and charged them to defendant. Subsequently Root made a bill for the "sweep shoes," and included in the bill the item of the "shoe stand," 70 cents, and presented it to said Prater, and Prater paid it—the 70 cents item as well as the $17.60 item—thus making in all, as paid by Prater, $18.30 the amount of the shoe stand item and the sweep shoes item. Root gave Prater a receipt for the whole amount, $18.30, and subsequently entered a cash credit on his books in favor of defendant for the sum of $18.30, this entry being on the 13th day of June, 1899. Defendant claims that the payment by Prater of this bill of $18.30, including the 70 cents item, and taking a receipt therefor, eliminated from the account the 70 cents item, and thus the last item of the account took place on the 2d day of December, 1895, and therefore the whole account was barred under the statute of limitations of four years. When Root was asked why he put the 70 cents item into the bill that he presented to Prater, when Prater had not ordered or agreed to pay that item, but only the $17.60 item, he said, in substance, that it was for convenience in his bookkeeping; and he thought Prater could get the money out of the defendant better than he (Root) could; and that, if Prater had objected to the 70 cents item, he would have stricken it from the bill.

The question for decision is: Did the said payment and receipt, under the circumstances stated, so completely eliminate the 70 cents item from the account as to make the last item of said account to have taken place on the 2d day of December, 1895, and thus let in the bar of the statute of four years? We think it did not. Certainly, when Root put the 70 cents item on the bill that he presented to Prater, and received the money of the 70 cents item, and gave a receipt therefor, he (Root) did not intend that his acts should have such effect as counsel for defendant claims. Such a supposition would be contrary to human nature. No one could suppose that a man in his senses would, in order to collect an item of 70 cents, whether owed by Prater or not, intentionally let in the bar of the statute for a claim of $433.93. Prater, in making the payment, could not have such an intent, because

he did not know anything about the matter. He did not know that the 70 cents item was not a part of what he had agreed to pay. And the defendant could not have had such an intent, because he had nothing to do with the placing of the 70 cents item on the Prater bill, or Prater's payment thereof or taking a receipt therefor. Defendant was not bound by Prater's act, for there is nothing in the testimony to show that defendant ever either ordered or ratified Prater's act in paying the 70 cents item.

Suppose the situation were reversed—that the balance of the account had been in favor of, instead of against, defendant, and defendant had sued Root, and Root had pleaded the statute of limitations, and supported his plea by his act in getting the payment of the 70 cents from Prater in the manner stated—could it be claimed with any showing of reason that his claim would have been successful? Certainly not. Then with similar, though perhaps not with equal reason, defendant's plea of the statute supported by such act must fail. If Root did wrong in putting the 70 cents item on the Prater bill when Prater had not ordered it, it was a wrong to Prater, but not to defendant. The trial judge, sitting without a jury, found as a matter of fact in the case that the payment of the 70 cents was a payment on the general account between Root and defendant, and not a payment of a special transaction, separate and apart from the open, mutual, and current account. Under the testimony in the case this question was a matter of fact to be determined by a jury, or, in case of a jury being waived, by the court sitting without a jury. The trial court found this fact against the respondent, and under the evidence we cannot say that the finding was not supported.

We conclude that the action was not barred by the statute of limitations, and it is ordered and adjudged that the judgment of the district court herein and its order denying a new trial be, and the same are, affirmed.

MASSEY, C. J.:  I concur.

BELKNAP, J., was not present during the argument of the above case, and did not participate in the decision.